## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND - NORTHERN DIVISION

| | | |
|---|---|---|
| **JANET MORRISSEY** | ) | |
| **22052 Holiday Drive** | ) | |
| **Smithsburg, Maryland 21783** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.** _____21-899_____ |
| | ) | |
| **CES COMPUTER ENHANCEMENT** | ) | |
| **SYSTEMS, INC.** | ) | |
| <u>**Resident Agent:**</u> | ) | |
| **Richard V. Robertson** | ) | |
| **1530 Tilco Drive** | ) | |
| **Unit C** | ) | |
| **Frederick, Maryland 21701** | ) | |
| | ) | |
| **-and-** | ) | |
| | ) | |
| **RICHARD ROBERTSON** | ) | |
| **1530 Tilco Drive** | ) | |
| **Unit C** | ) | |
| **Frederick, Maryland 21701** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>COMPLAINT & DEMAND FOR JURY TRIAL</u>

Plaintiff Janet Morrissey ("Plaintiff" and/or "Ms. Morrissey"), by and through her undersigned counsel, hereby sues Defendant CES Computer Enhancement Systems, Inc. ("CES"), and Defendant Richard Robertson ("Mr. Robertson" or "Robertson") (together, Defendants CES and Robertson, are known as "Defendants"), and alleges as follows:

### <u>PARTIES, JURISDICTION AND VENUE</u>

1

1.      Plaintiff Janet Morrissey is an individual who resides in Washington County, Maryland. Ms. Morrissey was an employee of Defendants CES and Mr. Robertson.

2.      Defendant CES Computer Enhancement Systems, Inc. is a corporation formed under the laws of Maryland with a principal place of business in Frederick, Maryland. Defendant CES provides information technology assistance for businesses in Maryland, Virginia, West Virginia, and Pennsylvania.

3.      Defendant Richard Robertson is a resident of the State of Maryland. Mr. Robertson is the owner and operator of Defendant CES. At all times relevant to the facts and claims made in the instant Complaint, Mr. Robertson was acting in his individual capacity or as an authorized agent and/or employee of Defendant CES.

4.      This Court has jurisdiction of this action pursuant to 29 U.S.C. § § 201-2019 and 28 U.S.C. § 1331 because this action arises under the Constitution, laws, or treaties of the United States. This Court also has jurisdiction over Ms. Morrissey's state law claims pursuant to 28 U.S.C. § 1367.

5.      This Court has personal jurisdiction over Defendants because they do a substantial amount of business in the State of Maryland, work in the State of Maryland and/or have committed torts against Ms. Morrissey in the State of Maryland.

6.      Venue lies in this District pursuant to 28 U.S.C. § 1391 because Defendants reside in this District, do business in this District and/or because the events giving rise to these claims occurred in this District.

## FACTS COMMON TO ALL COUNTS

7.      Defendant CES offers its clients: (a) computer systems diagnostics; (b) network management services; (c) data management services; (d) installation and management of hyper-convergence technology; (e) development of disaster recovery plans; (f) forensic and data recovery; (g) off-site data backup; (h) security solutions, including security risk assessments, HIPAA compliance risk evaluations, and Payment Card Industry compliance evaluations; (i) sales of surveillance equipment; and (j) demonstrations of smart-board technology products.

8.      In 2018, Mr. Robertson recruited Ms. Morrissey to work for CES. Ms. Morrissey began her full-time employment with CES and Mr. Robertson on or about October 8, 2018. Before beginning employment, Robertson did not reveal to Ms. Morrissey the significant amount of overtime that Robertson expected her to work.

9.      Ms. Morrissey's starting salary at CES was $40,000/year, or $20.00/hour. During the course of her employment, Ms. Morrissey earned performance-based bonuses and accrued leave, and was to be paid commissions for sales. At the end of her employment, Ms. Morrissey's salary was approximately $44,000/year, or $22.00/hour, exclusive of her performance-based bonuses, accrued leave, and commissions for sales.

10.      CES, at Robertson's directive, placed a burdensome and unreasonable workload on its employees, particularly on Ms. Morrissey. Ms. Morrissey routinely worked far in excess of forty (40) hours per week during her employment at CES. CES did not pay Ms. Morrissey for this overtime. Upon information and belief, other employees at CES also worked more than 40 hours per week, but were not paid overtime.

3

11.     Ms. Morrissey typically arrived at work at approximately 8:00 a.m. and routinely left the office after 8:00 p.m. during weekdays, and also worked at home or in the office on the weekends. Mr. Morrissey routinely worked both Saturday and Sunday.

12.     Ms. Morrissey was required to work overtime because CES was regularly under-staffed, and because the volume of her workload was too great to complete during normal, weekday business hours. Robertson verbally reprimanded Ms. Morrissey if, in his opinion, she did not work enough overtime.

13.     Defendant CES was aware that Ms. Morrissey's workload and job responsibilities were excessive. Ms. Morrissey occasionally discussed her exhausting workload with Robertson and other employees of CES.

14.     Ms. Morrissey received positive feedback from Robertson during the course of her employment, and in fact, made the highest number of network sales in CES' history prior to her termination.

15.     Robertson did not allow Ms. Morrissey to clock-in or clock-out each day. Instead, Robertson ordered her to indicate, in the online time portal, that she worked 80 hours each pay period regardless of the actual number of hours that she worked. Accordingly, Ms. Morrissey's paystubs do not accurately reflect the number of hours that she worked each pay period.

16.     Defendant CES, by and through Mr. Robertson, terminated Ms. Morrissey's employment on December 31, 2020.  Accordingly, Ms. Morrissey worked for Defendants CES and Mr. Robertson for over two (2) years.

### COUNT ONE
### VIOLATION OF FAIR LABOR STANDARDS ACT, 29 U.S.C. § 207(a)(1)

17.     Ms. Morrissey incorporates and adopts by reference each of the foregoing allegations as if alleged in full herein.

18.     Defendants are "employer[s]" as is defined under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203(d) because they are persons acting "directly or indirectly in the interest of an employer in relation to an employee."

19.     Defendants are "engaged in commerce" as are defined under FLSA, 29 U.S.C. § 203(b) because they transact business among the several States or between any State and any place outside thereof.

20.     Further, the gross revenues of the Defendants during the two years prior to her termination were more than $500,000.00 annually.

21.     Ms. Morrisey is an "employee" as is defined under FLSA, 29 U.S.C. § 203(e) because she worked for Defendants at all times relevant to the Complaint.

22.     Pursuant to FLSA, 29 U.S.C. § 207(a), no employer shall employ an employee for a workweek longer than 40 hours, unless the employee receives excess compensation for the hours worked above the regular workweek.

23.     From the beginning of her employment in October 2018, to her termination by Defendants on December 31, 2020, Ms. Morrissey regularly worked in excess of forty (40) hours per workweek and, on average, worked approximately twenty-eight (28) hours of overtime per week. Specifically, Ms. Morrissey worked approximately twenty (20) hours of overtime during the week and worked approximately eight (8) hours of overtime on weekends.

24.     During Ms. Morrissey's employment, Defendants failed to pay her any overtime (one and one-half times the regular rate at which she was employed) in direct violation of 29 U.S.C. § 207(a)(1).

25.     Moreover, pursuant to 29 U.S.C. § 211(c) and 29 C.F.R. § 516.2, every employer is required to maintain and preserve payroll or other records containing hours worked each workday and total hours worked each workweek by its employees. Upon information and belief, Defendants violated the FLSA because they not keep accurate records of the amount of hours that Ms. Morrissey worked. In fact, Robertson refused to allow Ms. Morrissey to clock-in and out so as to keep accurate records of her time and reprimanded Ms. Morrissey for clocking in and out during one benefit period of her employment.

26.     Pursuant to the FLSA, 29 U.S.C. § 215(a)(2), and § 216(b), Ms. Morrissey has a private right of action relating to Defendants' violation described herein. Pursuant to the FLSA, 29 U.S.C.§ 216(b), Ms. Morrissey shall, in addition to any judgment awarded to her, recover her reasonable attorney's fees from Defendants, and the costs of this action.

27.     Ms. Morrissey has been damaged as a direct result of Defendants' violation of FLSA and the Code of Federal Regulations.

WHEREFORE, Plaintiff Janet Morrissey demands judgment against Defendant CES and Mr. Robertson, jointly and severally, for compensatory damages, liquidated damages under 29 U.S.C. § 216(b), pre and post-judgment interest, costs, reasonable attorneys' fees, and any other relief this Court deems appropriate, in an amount exceeding $75,000.00.

## COUNT TWO
## VIOLATION OF MD. CODE ANN. LAB. & EMPL. § 3-415 AND § 3-420

28.     Ms. Morrissey incorporates and adopts by reference each of the foregoing allegations as if alleged in full herein.

29.     Defendants are "employer[s]" as is defined under MD. CODE ANN. LAB. & EMPL. § 3-401(b) because they are persons acting "directly or indirectly in the interest of another employer with an employee."

30.     Further, upon information and belief, the gross revenues of Defendants during the two years prior to her termination were more than $500,000.00 annually.

31.     Ms. Morrissey is an employee under the Maryland Wage and Hour Law because she was hired by the Defendants, and worked at their main office, in Frederick, Maryland.

32.     Pursuant to MD. CODE ANN. LAB. & EMPL. § 3-415 and § 3-420, Defendants were required to pay Ms. Morrissey "at least 1.5 times the usual hourly wage" for every hour worked in a given workweek over forty hours.

33.     From the beginning of her employment in October 2018, to her termination by Defendants on December 31, 2020, Ms. Morrissey regularly worked far in excess of forty (40) hours per workweek, and on average, worked approximately twenty-eight (28) hours of overtime per week. Specifically, Ms. Morrissey worked approximately twenty (20) hours of overtime during the week and worked approximately an additional eight (8) hours of overtime on weekends.

34.     During Ms. Morrissey's employment, Defendants failed to pay her any overtime in direct violation of MD. CODE ANN. LAB. & EMPL. § 3-415 and § 3-420.

35.     Pursuant to MD. CODE ANN. LAB. & EMPL. § 3-427, Ms. Morrissey has a private right of action relating to Defendants' violation described herein. Pursuant to MD. CODE ANN. LAB. & EMPL. § 3-427(d), Ms. Morrissey shall, in addition to any judgment awarded to her, recover her reasonable attorney's fees from Defendants, and the costs of this action.

36.     Ms. Morrissey has been damaged as a direct result of Defendants' violation of Defendant's violation of the Labor and Employment Article of the Maryland Code.

WHEREFORE, Plaintiff Janet Morrissey demands judgment against Defendant CES and Mr. Robertson, jointly and severally, for compensatory damages, liquidated damages, pre and post-judgment interest, costs, reasonable attorneys' fees, and any other relief this Court deems appropriate, in an amount exceeding $75,000.00.

### COUNT THREE
### VIOLATION OF MD. CODE ANN. LAB. & EMPL. § 3-502 AND § 3-505

37.     Ms. Morrissey incorporates and adopts by reference each of the foregoing allegations as if alleged in full herein.

38.     Defendants are "employer[s]" under MD. CODE ANN. LAB. & EMPL. § 3-501(b) because they employed Ms. Morrissey in the State of Maryland.

39.     Ms. Morrissey is an employee under MD. CODE ANN. LAB. & EMPL. § 3-502 and § 3-505 because the Defendants had the ability to direct Ms. Morrissey both in the performance of her work and in the manner in which her work was to be done.

40.     Pursuant to MD. CODE ANN. LAB. & EMPL. §3-502(1)(ii),  Defendants were required to pay Ms. Morrissey "at least once in every two weeks or twice in each month."

41.     Defendants  were also required to pay Ms. Morrissey  "all wages due for work that the employee performed before the termination of employment, on or before the day on which the employee would have been paid wages" if not for the termination under MD. CODE ANN. LAB. & EMPL. § 3-505( a).

42.     Ms. Morrissey's employment agreement with Defendants obligated Defendants to pay her commissions based on 18% of net profit of hardware sales and 12% per billable hour rate for service-related sales which she made. *See* **Exhibit A**.

43.     In her more than two years of employment with Defendants, Ms. Morrissey earned commissions for which she was not paid.

44.     In fact, for example, during the course of Ms. Morrissey's employment, Defendant CES, at Robertson's direction, reclassified payments previous noted of Ms. Morrissey's paystubs as a "bonus" to a "commission" so as to give the appearance that Defendants had paid Ms. Morrissey a portion of her earned commissions when, in fact, Defendants had not paid her for the same.

45.     The commissions demanded by Ms. Morrissey pursuant to this suit were earned and did not have any outstanding, unmet requirements.

46.     During Ms. Morrissey's employment, and after her termination, Defendants failed to pay her earned commissions in direct violation of MD. CODE ANN. LAB. & EMPL. § 3-502 and §3-505.

47.     Pursuant to MD. CODE ANN. LAB. & EMPL. § 3-507.2(a), Ms. Morrissey has a private right of action relating to Defendants' violation described herein. Pursuant to MD. CODE ANN. LAB. & EMPL. § 3-507.2(b), Ms. Morrissey is entitled to and seeks treble damages not exceeding three times the wage, as well as her reasonable attorney's fees and the costs of this action from the Defendants.

48.     Ms. Morrissey has been damaged as a direct result of Defendants' violation of MD.

CODE ANN. LAB. & EMPL. § 3-502 AND § 3-505.

WHEREFORE, Plaintiff Janet Morrissey demands judgment against Defendant CES and Mr. Robertson, jointly and severally, for compensatory damages, treble damages, pre and post-judgment interest, costs, reasonable attorneys' fees, and any other relief this Court deems appropriate, in an amount exceeding $75,000.00.

**COUNT FOUR**
**VIOLATION OF MD. CODE ANN. LAB. & EMPL. § 3-505**

49.     Ms. Morrissey incorporates and adopts by reference each of the foregoing allegations as if alleged in full herein.

50.     Under MD. CODE ANN. LAB. & EMPL. § 3-505(b)(1) and (b)(2), Defendants were prohibited from withholding Ms. Morrissey's accrued leave upon her termination unless Defendants had a written policy granting Defendants the right to withhold accrued leave, and unless Defendants communicated such a written policy to Ms. Morrissey at the time of her hiring.

51.     At her hiring, Defendants did not have a written policy addressing the circumstances under which CES would withhold accrued leave from an employee and/or never communicated such policy to Ms. Morrissey.

52.     Since Defendants failed to follow the above conditions for withholding accrued leave, Defendants were required to pay Ms. Morrissey "all wages due for work that the employee performed before the termination of employment, on or before the day on which the employee would have been paid wages" if not for the termination under MD. CODE ANN. LAB. & EMPL. § 3-505(a).

53.     Prior to her termination by Defendants on December 31, 2020, Ms. Morrissey had a total of forty (40) accrued, unused vacation hours.

54.      Defendants failed to pay Ms. Morrissey any of her accrued vacation in direct violation of MD. CODE ANN. LAB. & EMPL. § 3-505(a).

55.      Pursuant to MD. CODE ANN. LAB. & EMPL § 3-507.2(a), Ms. Morrissey has a private right of action relating to Defendants' violation describe herein. Pursuant to MD. CODE ANN. LAB. & EMPL § 3-507.2(b), Ms. Morrissey is entitled to and seeks treble damages not exceeding three times the wage. Under MD. CODE ANN. LAB. & EMPL. § 3-507.2(b) Ms. Morrissey shall also, in addition to any judgment awarded to her, recover her reasonable attorney's fees from Defendants, and the costs of this action.

56.      Ms. Morrissey has been damaged as a direct result of Defendants' violation of MD. CODE ANN. LAB. & EMPL § 3-505(a).

WHEREFORE, Plaintiff Janet Morrissey demands judgment against Defendant CES and Mr. Robertson, jointly and severally, for compensatory damages, treble damages, pre and post-judgment interest, costs, reasonable attorney's fees, and any other relief this Court deems appropriate.

## COUNT FIVE
### BREACH OF CONTRACT

57.      Ms. Morrissey incorporates and adopts by reference each of the foregoing allegations as if alleged in full herein.

58.      Ms. Morrissey and Defendants entered into an employment agreement (the "Agreement") on or about October 8, 2020, a copy of which is attached to this Complaint as **Exhibit A.**

59.      Under the terms of the Agreement, Defendants promised to pay Ms. Morrissey a salary which included commissions "at a rate of 18% of net profit of hardware sales and 12% per billable hour rate for service (labor) related sales." **Exhibit A** at "Salary."

60.    As an employee, Ms. Morrissey satisfied her essential duties under the terms of the Agreement and received positive feedback from Robertson.

61.    Defendants materially breached the terms of the Agreement by both refusing and failing to pay Ms. Morrissey the entire amount of her commissions due under the Agreement.

62.    Ms. Morrissey suffered damages as a result of the breach by Defendants.

WHEREFORE, Plaintiff Janet Morrissey demands judgment against Defendants CES and Mr. Robertson, jointly and severally, for compensatory damages, pre and post-judgment interest, costs, and any other relief this Court deems appropriate.

### COUNT SIX
### UNJUST ENRICHMENT

63.    Ms. Morrissey incorporates and adopts by reference each of the foregoing allegations as if alleged in full herein.

64.    Ms. Morrissey and Defendants entered into an employment agreement (the "Agreement") on or about October 8, 2020, a copy of which is attached to this Complaint as **Exhibit A.**

65.    Under the terms of the Agreement, Defendants promised to pay Ms. Morrissey a salary which included commissions "at a rate of 18% of net profit of hardware sales and 12% per billable hour rate for service (labor) related sales." **Exhibit A** at "Salary."

66.    Ms. Morrissey's record-breaking sales conferred a benefit upon Defendants.

67.    Defendants were aware of, and had knowledge of, the benefits conferred upon the Defendants by Ms. Morrissey during her employment and she received praise from Robertson for making these sales.

68.    Defendants materially breached the terms of the Agreement by withholding Ms. Morrissey's commissions.

69.    Defendants' acceptance and retention of Ms. Morrissey's commissions make it inequitable for Defendants to retain these benefits without paying Ms. Morrrissey her commissions.

WHEREFORE, Plaintiff Janet Morrissey demands judgment against Defendants CES and Mr. Robertson,  jointly and severally, for compensatory damages, pre and post-judgment interest, costs, and any other relief this Court deems appropriate.

<u>**COUNT SEVEN**</u>
<u>**PROMISSORY ESTOPPEL**</u>

70.    Ms. Morrissey incorporates and adopts by reference each of the foregoing allegations as if alleged in full herein

71.    Robertson promised Ms. Morrissey on or about the date of her hiring on October 8, 2020, that Ms. Morrissey would earn two weeks of accrued vacation as an employee.  Based on this promise, Ms. Morrissey reasonably expected that she would receive accrued vacation as compensation for her employment.

72.    Also, Robertson promised Ms. Morrissey on or about the date of her hiring on October 8, 2020, that Ms. Morrissey would earn commissions for her sales.  Based on this promise, Ms. Morrissey reasonably expected that she would be paid commission for her sales as compensation for her employment.

73.    Upon the termination of her employment on December 31, 2020, Ms. Morrissey had accrued 40 hours of vacation. Defendant did not pay Ms. Morrissey any of her vacation upon Ms. Morrissey's termination.

74.    At the termination of her employment on December 31, 2020, Ms. Morrissey had earned commissions for her sales for which she had not been paid.

13

75.     The resulting detriment to Ms. Morrissey can only be avoided by the enforcement of Defendants' promises.

76.     As a result of Defendants' failure to fulfill their promisees, Ms. Morrissey has suffered damages in the amount of forty (40) hours in unpaid accrued vacation, and earned, but unpaid commissions.

WHEREFORE, Plaintiff Janet Morrissey demands judgment against Defendants CES and Mr. Robertson, jointly and severally, for compensatory damages, pre and post-judgment interest, costs,, and any other relief this Court deems appropriate.

## COUNT EIGHT
### ASSAULT

77.     Ms. Morrissey incorporates and adopts by reference each of the foregoing allegations as if alleged in full herein.

78.     On the day she was terminated, December 31, 2020, Robertson entered Ms. Morrissey's office with her final paycheck and began berating Ms. Morrissey after giving her the check.

79.     Frightened by his behavior, Ms. Morrissey fled from her office to the reception desk to return her office key before she left the work premises.

80.     As Ms. Morrissey handed the office key to the receptionist, Robertson, who had followed Ms. Morrissey out of her office, forcefully reached for Ms. Morrissey's right wrist with both of his hands in an effort to seize the key.

81.     Ms. Morrissey felt frightened and threatened by Defendant Robertson who had the apparent ability to do bodily harm to her and, in fact, did do bodily harm to her.

82.     Defendant Robertson had the intent either to harm Ms. Morrissey or to put her in fear of such harm.

83    Ms. Morrissey had fear that Defendant Robertson would commit imminent harm to her.

84.    Defendant acted with actual malice, that is, with evil motive, intent to injure, or ill will. Alternatively, Defendant acted without reason or justification in inflicting harm on Ms. Morrissey.

WHEREFORE, Plaintiff Janet Morrissey demands judgment against Defendant Mr. Robertson for compensatory damages, punitive damages in the amount of $75,000.00, pre and post-judgment interest, costs, and any other relief this Court deems appropriate.

## COUNT NINE
### BATTERY

85.    Ms. Morrissey incorporates and adopts by reference each of the foregoing allegations as if alleged in full herein.

86.    Defendant Robertson grabbed and twisted Ms. Morrissey's right wrist as she was leaving the work premises of CES following the termination of her employment on December 31, 2020, causing Ms. Morrissey to experience pain. Shaken and frightened, Ms. Morrissey relinquished the key to Robertson and left the premises.

87.    Defendant Robertson's conduct constituted an intentional and  harmful or  offensive touching of Ms. Morrissey.

88.    Defendant acted with actual malice, that is, with evil motive, intent to injure, or ill will. Alternatively, Defendant acted without reason or justification in inflicting harm on Ms. Morrissey.

WHEREFORE, Plaintiff Janet Morrissey demands judgment against Defendant Mr. Robertson for compensatory damages, punitive damages in the amount of $75,000.00, pre and post-judgment interest, costs, and any other relief this Court deems appropriate.

## DEMAND FOR A JURY TRIAL

Plaintiff Janet Morrissey demands a jury trial on all matters triable by right to a jury in this case.

Respectfully submitted,

_____/s/_____
Jacob I. Weddle, Esq., Bar. No. 28573
Gordon & Simmons, LLC
1050 Key Parkway, Suite 101
Frederick, Maryland 21702
(301) 662-9122 (office)
(301) 698-0392 (fax)
jweddle@gordonsimmons.com
*Counsel for Plaintiff Janet Morrissey*