## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND - NORTHERN DIVISION

| | | |
|---|---|---|
| **JANET MORRISSEY** | ) | |
| **22052 Holiday Drive** | ) | |
| **Smithsburg, Maryland 21783** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Case No. SAG-21-899** |
| | ) | |
| **CES COMPUTER ENHANCEMENT** | ) | |
| **SYSTEMS, INC.** | ) | |
| <u>**Resident Agent:**</u> | ) | |
| **Richard V. Robertson** | ) | |
| **1530 Tilco Drive** | ) | |
| **Unit C** | ) | |
| **Frederick, Maryland 21701** | ) | |
| | ) | |
| **-and-** | ) | |
| | ) | |
| **RICHARD ROBERTSON** | ) | |
| **1530 Tilco Drive** | ) | |
| **Unit C** | ) | |
| **Frederick, Maryland 21701** | ) | |
| | ) | |
| **Defendants.** | ) | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT & JURY DEMAND

Plaintiff Janet Morrissey ("Plaintiff" or "Ms. Morrissey"), by and through her undersigned

counsel, hereby sues Defendant CES Computer Enhancement Systems, Inc. ("Defendant CES" or

"the company"), and Defendant Richard Robertson ("Defendant Robertson" or "Robertson")

(together, Defendants CES and Robertson, are known as "Defendants"), and alleges as follows:

### PARTIES, JURISDICTION AND VENUE

1.      Plaintiff Janet Morrissey is an individual who resides in Washington County,

Maryland. Ms. Morrissey was an employee of Defendants CES and Mr. Robertson.



2.      Defendant CES Computer Enhancement Systems, Inc. is a corporation formed under the laws of Maryland with a principal place of business in Frederick, Maryland. Defendant CES provides information technology assistance for businesses in Maryland, Virginia, West Virginia, and Pennsylvania.      3.      Defendant Richard Robertson is a resident of the State of Maryland. Robertson is the owner and operator of Defendant CES. Upon information and belief, Defendant Robertson is the president of CES, owns a controlling interest in the company, and had operational control over significant aspects of CES's business. At all times relevant to the facts and claims made in the instant Complaint, Mr. Robertson was acting in his individual capacity or as an authorized agent and/or employee of Defendant CES.

4.      This Court has jurisdiction of this action pursuant to 29 U.S.C. § § 201-2019 and 28 U.S.C. § 1331 because this action arises under the Constitution, laws, or treaties of the United States. This Court also has jurisdiction over Ms. Morrissey's state law claims pursuant to 28 U.S.C. § 1367.

5.      This Court has personal jurisdiction over Defendants because they do a substantial amount of business in the State of Maryland, work in the State of Maryland and/or have committed torts against Ms. Morrissey in the State of Maryland.

6.      Venue lies in this District pursuant to 28 U.S.C. § 1391 because Defendants reside in this District, do business in this District and/or because the events giving rise to these claims occurred in this District.

### FACTS COMMON TO ALL COUNTS

7.      Defendant CES offers its clients: (a) computer systems diagnostics; (b) network management services; (c) data management services; (d) installation and management of hyper-convergence technology; (e) development of disaster recovery plans; (f) forensic and data recovery;

(g) off-site data backup; (h) security solutions, including security risk assessments, HIPAA compliance risk evaluations, and Payment Card Industry compliance evaluations; (i) sales of surveillance equipment; and (j) demonstrations of smart-board technology products.

8.      In 2018, Defendant Robertson recruited Ms. Morrissey to work for CES and contacted her about a job opportunity with the company. Throughout the hiring process, Ms. Morrissey spoke only to Defendant Robertson, who represented to Ms. Morrissey that he owned CES, created the job description pertaining to her employment opportunity, and set Ms. Morrissey's "base salary".

9.      After their initial contact, Defendant Robertson informed Ms. Morrissey that she got the job and that he would be hiring her. Defendant Robertson was the only person in the company with the power to hire and fire employees.

10.     Ms. Morrissey began her full-time employment with Defendants on or about October 8, 2018. Defendant Robertson began training Ms. Morrissey in earnest shortly afterwards.  Before beginning employment, however, Robertson did not reveal to Ms. Morrissey the significant amount of overtime that Robertson expected her to work

11.     Defendant Robertson controlled the rate of all employees' pay and the method of employment. Defendants Robertson set Ms. Morrissey's starting "base salary" at $40,000/year. Defendant Robertson told Ms. Morrissey that he, and only he, determined her "base salary."

12.     Ms. Morrissey's paystubs reflect that she was paid an hourly wage.

13.     During the course of her employment, Ms. Morrissey earned performance-based bonuses and accrued leave, and was to be paid commissions for sales. At the end of her employment, Ms. Morrissey's "base salary" was approximately $44,000/year, or $22.00/hour, exclusive of her performance-based bonuses, accrued leave, and commissions for sales. Defendant Robertson

3

represented to Ms. Morrissey that he established the company's commission policy and percentages.

14.     Defendant Robertson managed CES' accounting and bookkeeping, and was the administrator for the company's Quickbooks account, which granted him sole access to make changes to Ms. Morrissey's paystubs and rates of pay.

15.     Defendant Robertson was directly responsible for, and had total control of, the payment of all wages and compensation to Ms. Morrissey during the course of her employment. Defendant Robertson also personally signed Ms. Morrissey's paychecks and, therefore, controlled how much, or how little, she was paid.

16.     In addition, Defendant Robertson controlled CES's corporate calendar which he regularly modified to reflect important dates and times for the company.

17.     Defendant Robertson required Ms. Morrissey to call or text him if she desired to change her schedule or take days off. He was also responsible for the calculation and payment of Ms. Morrissey's accrued leave.

18.     Defendant Robertson assigned tasks to Ms. Morrissey daily and frequently revised them multiple times per day. Throughout Ms. Morrissey's employment, Defendant Robertson was the only one who assigned work to Ms. Morrissey, supervised her, and controlled the conditions of her employment. She did not report to anyone else.

19.     CES, at Robertson's directive, placed a burdensome and unreasonable workload on its employees, particularly on Ms. Morrissey. Ms. Morrissey routinely worked far in excess of forty (40) hours per week during her employment at CES. CES did not pay Ms. Morrissey for this overtime. Upon information and belief, other employees at CES also worked more than 40 hours per week, but were not paid overtime.

20.     Ms. Morrissey typically arrived at work at approximately 8:00 a.m. and routinely left the office after 8:00 p.m. during weekdays, and also worked at home or in the office on the weekends. Mr. Morrissey routinely worked both Saturday and Sunday.

21.     Ms. Morrissey was required to work overtime because CES was regularly under-staffed, and because the volume of her workload was too great to complete during normal, weekday business hours. Robertson verbally reprimanded Ms. Morrissey if, in his opinion, she did not work enough overtime.

22.     Defendants were aware that Ms. Morrissey's workload and job responsibilities were excessive. Ms. Morrissey occasionally discussed her exhausting workload with Robertson and other employees of CES.

23.     While Defendants did not create an official employee manual, Defendant Robertson set forth various informal company policies. For example, if Ms. Morrissey traveled for work, she could fill her vehicle only with gas from stations approved by Defendant Robertson.

24.     Robertson did not allow Ms. Morrissey to clock-in or clock-out each day. Instead, Robertson ordered her to indicate, in the online time portal, that she worked 80 hours each pay period regardless of the actual number of hours that she worked. Accordingly, Ms. Morrissey's paystubs do not accurately reflect the number of hours that she worked each pay period.

25.     Defendant Robertson had authority to, and did in fact, maintain the company's employment records. Paystubs and all other employment records were kept by Defendant Robinson in boxes stored at multiple locations, including his home, parents' residence, or CES' former offices on Tilco Drive in Frederick, Maryland.

6

26.     Ms. Morrissey received positive feedback from Robertson during the course of her employment, and in fact, made the highest number of network sales in CES' history prior to her termination.

27.     Despite this, Defendant CES, by and through Defendant Robertson, terminated Ms. Morrissey's employment on December 31, 2020 when Defendant Robertson made the decision to enter Ms. Morrissey's office on that date and personally fire her. Accordingly, Ms. Morrissey worked for Defendants CES and Defendant Robertson for over two (2) years.

**COUNT ONE**
**VIOLATION OF FAIR LABOR STANDARDS ACT, 29 U.S.C. § 207(a)(1)**

28.     Ms. Morrissey incorporates and adopts by reference each of the foregoing allegations as if alleged in full herein.

29.     Defendants are "employer[s]" as is defined under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203(d) because they are persons acting "directly or indirectly in the interest of an employer in relation to an employee."

30.     Defendants are "engaged in commerce" as are defined under FLSA, 29 U.S.C. § 203(b) because they transact business among the several States or between any State and any place outside thereof.

31.     Further, the gross revenues of the Defendants during the two years prior to her termination were more than $500,000.00 annually.

32.     Ms. Morrisey is an "employee" as is defined under FLSA, 29 U.S.C. § 203(e) because she worked for Defendants at all times relevant to the Complaint.

33.     Pursuant to FLSA, 29 U.S.C. § 207(a), no employer shall employ an employee for a workweek longer than 40 hours, unless the employee receives excess compensation for the hours worked above the regular workweek.

34.     From the beginning of her employment in October 2018, to her termination by Defendants on December 31, 2020, Ms. Morrissey regularly worked in excess of forty (40) hours per workweek and, on average, worked approximately twenty-eight (28) hours of overtime per week. Specifically, Ms. Morrissey worked approximately twenty (20) hours of overtime during the week and worked approximately eight (8) hours of overtime on weekends.

35.     During Ms. Morrissey's employment, Defendants failed to pay her any overtime (one and one-half times the regular rate at which she was employed) in direct violation of 29 U.S.C. § 207(a)(1). Defendant Robertson determined whether or not to pay Ms. Morrissey overtime.

36.     Moreover, pursuant to 29 U.S.C. § 211(c) and 29 C.F.R. § 516.2, every employer is required to maintain and preserve payroll or other records containing hours worked each workday and total hours worked each workweek by its employees. Upon information and belief, Defendants violated the FLSA because they not keep accurate records of the amount of hours that Ms. Morrissey worked. In fact, Robertson refused to allow Ms. Morrissey to clock-in and out so as to keep accurate records of her time and reprimanded Ms. Morrissey for clocking in and out during one benefit period of her employment.

37.     Pursuant to the FLSA, 29 U.S.C. § 215(a)(2), and § 216(b), Ms. Morrissey has a private right of action relating to Defendants' violation described herein. Pursuant to the FLSA, 29 U.S.C.§ 216(b), Ms. Morrissey shall, in addition to any judgment awarded to her, recover her reasonable attorney's fees from Defendants, and the costs of this action.

38.     Ms. Morrissey has been damaged as a direct result of Defendants' violation of FLSA and the Code of Federal Regulations.

WHEREFORE, Plaintiff Janet Morrissey demands judgment against Defendants CES and Robertson, jointly and severally, for compensatory damages, liquidated damages under 29 U.S.C. § 216(b), pre and post-judgment interest, costs, reasonable attorneys' fees, and any other relief this Court deems appropriate, in an amount exceeding $75,000.00.

## COUNT TWO
### VIOLATION OF MD. CODE ANN. LAB. & EMPL. § 3-415 AND § 3-420

39.     Ms. Morrissey incorporates and adopts by reference each of the foregoing allegations as if alleged in full herein.

40.     Defendants are "employer[s]" as is defined under MD. CODE ANN. LAB. & EMPL. § 3-401(b) because they are persons acting "directly or indirectly in the interest of another employer with an employee."

41.     Further, upon information and belief, the gross revenues of Defendants during the two years prior to her termination were more than $500,000.00 annually.

42.     Ms. Morrissey is an employee under the Maryland Wage and Hour Law because she was hired by the Defendants, and worked at their main office, in Frederick, Maryland.

43.     Pursuant to MD. CODE ANN. LAB. & EMPL. § 3-415 and § 3-420, Defendants were required to pay Ms. Morrissey "at least 1.5 times the usual hourly wage" for every hour worked in a given workweek over forty hours.

44.     From the beginning of her employment in October 2018, to her termination by Defendants on December 31, 2020, Ms. Morrissey regularly worked far in excess of forty (40) hours per workweek, and on average, worked approximately twenty-eight (28) hours of overtime per week.

Specifically, Ms. Morrissey worked approximately twenty (20) hours of overtime during the week and worked approximately an additional eight (8) hours of overtime on weekends.

45.     During Ms. Morrissey's employment, Defendants failed to pay her any overtime in direct violation of MD. CODE ANN. LAB. & EMPL. § 3-415 and § 3-420. Defendant Robertson determined whether or not to pay Ms. Morrissey overtime.

46.     Pursuant to MD. CODE ANN. LAB. & EMPL. § 3-427, Ms. Morrissey has a private right of action relating to Defendants' violation described herein. Pursuant to MD. CODE ANN. LAB. & EMPL. § 3-427(d), Ms. Morrissey shall, in addition to any judgment awarded to her, recover her reasonable attorney's fees from Defendants, and the costs of this action.

47.     Ms. Morrissey has been damaged as a direct result of Defendants' violation of Defendant's violation of the Labor and Employment Article of the Maryland Code.

WHEREFORE, Plaintiff Janet Morrissey demands judgment against Defendants CES and Robertson, jointly and severally, for compensatory damages, liquidated damages, pre and post-judgment interest, costs, reasonable attorneys' fees, and any other relief this Court deems appropriate, in an amount exceeding $75,000.00.

## COUNT THREE
### VIOLATION OF MD. CODE ANN. LAB. & EMPL. § 3-502 AND § 3-505

48.     Ms. Morrissey incorporates and adopts by reference each of the foregoing allegations as if alleged in full herein.

49.     Defendants are "employer[s]" under MD. CODE ANN. LAB. & EMPL. § 3-501(b) because they employed Ms. Morrissey in the State of Maryland.

50.     Ms. Morrissey is an employee under MD. CODE ANN. LAB. & EMPL. § 3-502 and § 3-505 because the Defendants had the ability to direct Ms. Morrissey both in the performance of her

10

work and in the manner in which her work was to be done.

51.     Pursuant to MD. CODE ANN. LAB. & EMPL. §3-502(1)(ii),  Defendants were required

to pay Ms. Morrissey "at least once in every two weeks or twice in each month."

52.     Defendants  were also required to pay Ms. Morrissey  "all wages due for work that

the employee performed before the termination of employment, on or before the day on which the

employee would have been paid wages" if not for the termination under MD. CODE ANN. LAB. &

EMPL. § 3-505( a).

53.     Ms. Morrissey's employment agreement with Defendants obligated Defendants to

pay her commissions based on 18% of net profit of hardware sales and 12% per billable hour rate

for service-related sales which she made. *See* **Exhibit A**.

54.     In her more than two years of employment with Defendants, Ms. Morrissey earned

commissions for which she was not paid.

55.     In fact, for example, during the course of Ms. Morrissey's employment, Defendant

CES, at Robertson's direction, reclassified payments previous noted of Ms. Morrissey's paystubs

as a "bonus" to a "commission" so as to give the appearance that Defendants had paid Ms. Morrissey

a portion of her earned commissions when, in fact, Defendants had not paid her for the same.

56.     Moreover, Ms. Morrissey repeatedly asked Defendant Robertson for her

commissions, to which Defendant Robertson dismissed her and said, "I'm working on it."

57.     The commissions demanded by Ms. Morrissey pursuant to this suit were earned and

did not have any outstanding, unmet requirements.

58.     During Ms. Morrissey's employment, and after her termination, Defendants failed

to pay her earned commissions in direct violation of MD. CODE LAB. & EMPL. § 3-502 and §3-505.

59.     Determinations about whether or not to pay Ms. Morrissey commissions owed to her

were made by Defendant Robertson, who also decided to not pay her overtime.

60.     Pursuant to MD. CODE ANN. LAB. & EMPL. § 3-507.2(a), Ms. Morrissey has a private right of action relating to Defendants' violation described herein. Pursuant to MD. CODE ANN. LAB. & EMPL. § 3-507.2(b), Ms. Morrissey is entitled to and seeks treble damages not exceeding three times the wage, as well as her reasonable attorney's fees and the costs of this action from the Defendants.

61.     Ms. Morrissey has been damaged as a direct result of Defendants' violation of MD. CODE ANN. LAB. & EMPL. § 3-502 AND § 3-505.

WHEREFORE, Plaintiff Janet Morrissey demands judgment against Defendants CES and Robertson, jointly and severally, for compensatory damages, treble damages, pre and post-judgment interest, costs, reasonable attorneys' fees, and any other relief this Court deems appropriate, in an amount exceeding $75,000.00.

## COUNT FOUR
## VIOLATION OF MD. CODE ANN. LAB. & EMPL. § 3-505

62.     Ms. Morrissey incorporates and adopts by reference each of the foregoing allegations as if alleged in full herein.

63.     Under MD. CODE ANN. LAB. & EMPL. § 3-505(b)(1) and (b)(2), Defendants were prohibited from withholding Ms. Morrissey's accrued leave upon her termination unless Defendants had a written policy granting Defendants the right to withhold accrued leave, and unless Defendants communicated such a written policy to Ms. Morrissey at the time of her hiring.

64.     At her hiring, Defendants did not have a written policy addressing the circumstances under which CES would withhold accrued leave from an employee and/or never communicated such policy to Ms. Morrissey.

65.     Since Defendants failed to follow the above conditions for withholding accrued leave, Defendants were required to pay Ms. Morrissey "all wages due for work that the employee

performed before the termination of employment, on or before the day on which the employee would have been paid wages" if not for the termination under MD. CODE ANN. LAB. & EMPL. § 3-505(a).

66.     Prior to her termination by Defendants on December 31, 2020, Ms. Morrissey had a total of forty (40) accrued, unused vacation hours.

67.     Defendants failed to pay Ms. Morrissey any of her accrued vacation in direct violation of MD. CODE ANN. LAB. & EMPL. § 3-505(a).

68.     Determinations about whether or not to pay Ms. Morrissey unpaid accrued leave were made by Defendant Robertson, who also failed to pay her overtime and commissions due.

69.     Pursuant to MD. CODE ANN. LAB. & EMPL § 3-507.2(a), Ms. Morrissey has a private right of action relating to Defendants' violation describe herein. Pursuant to MD. CODE ANN. LAB. & EMPL § 3-507.2(b), Ms. Morrissey is entitled to and seeks treble damages not exceeding three times the wage. Under MD. CODE ANN. LAB. & EMPL. § 3-507.2(b) Ms. Morrissey shall also, in addition to any judgment awarded to her, recover her reasonable attorney's fees from Defendants, and the costs of this action.

70.     Ms. Morrissey has been damaged as a direct result of Defendants' violation of MD. CODE ANN. LAB. & EMPL § 3-505(a).

WHEREFORE, Plaintiff Janet Morrissey demands judgment against Defendants CES and Robertson, jointly and severally, for compensatory damages, treble damages, pre and post-judgment interest, costs, reasonable attorney's fees, and any other relief this Court deems appropriate.

## COUNT FIVE
## BREACH OF CONTRACT

71.     Ms. Morrissey incorporates and adopts by reference each of the foregoing allegations as if alleged in full herein.

72.     Ms. Morrissey and Defendants entered into an employment agreement (the

"Agreement") on or about October 8, 2020, a copy of which is attached to this Complaint as **Exhibit**

**A.** Defendant Robertson, upon information and belief, drafted the Agreement. Defendant Robertson

executed the Agreement as President/CEO of Defendant CES.

73.      Under the terms of the Agreement, Defendants promised to pay Ms. Morrissey a

"base salary" which included commissions "at a rate of 18% of net profit of hardware sales and 12%

per billable hour rate for service (labor) related sales." **Exhibit A** at "Salary."

74.      As an employee, Ms. Morrissey satisfied her essential duties under the terms of the

Agreement and received positive feedback from Robertson.

75.      Defendants materially breached the terms of the Agreement by both refusing and

failing to pay Ms. Morrissey the entire amount of her commissions due under the Agreement.

76.      Ms. Morrissey suffered damages as a result of the breach by Defendants.

WHEREFORE, Plaintiff Janet Morrissey demands judgment against Defendants CES and

Robertson, jointly and severally, for compensatory damages, pre and post-judgment interest, costs,

and any other relief this Court deems appropriate.

## COUNT SIX
## UNJUST ENRICHMENT

77.      Ms. Morrissey incorporates and adopts by reference each of the foregoing allegations

as if alleged in full herein.

78.      Ms. Morrissey and Defendants entered into an employment agreement (the

"Agreement") on or about October 8, 2020, a copy of which is attached to this Complaint as **Exhibit**

**A.** Defendant Robertson, upon information and belief, drafted the Agreement. Defendant Robertson

executed the Agreement as President/CEO of Defendant CES.

79.      Under the terms of the Agreement, Defendants promised to pay Ms. Morrissey a "base

salary" which included commissions "at a rate of 18% of net profit of hardware sales and 12% per

billable hour rate for service (labor) related sales." **Exhibit A** at "Salary."

14

80.     Ms. Morrissey's record-breaking sales conferred a benefit upon Defendants.

81.     Defendants were aware of, and had knowledge of, the benefits conferred upon the Defendants by Ms. Morrissey during her employment and she received praise from Robertson for making these sales.

82.     Defendants materially breached the terms of the Agreement by withholding Ms. Morrissey's commissions.

83.     Defendants' acceptance and retention of Ms. Morrissey's commissions make it inequitable for Defendants to retain these benefits without paying Ms. Morrrissey her commissions.

WHEREFORE, Plaintiff Janet Morrissey demands judgment against Defendants CES and Robertson, jointly and severally, for compensatory damages, pre and post-judgment interest, costs, and any other relief this Court deems appropriate.

## COUNT SEVEN
## PROMISSORY ESTOPPEL

84.     Ms. Morrissey incorporates and adopts by reference each of the foregoing allegations as if alleged in full herein

85.     Robertson promised Ms. Morrissey on or about the date of her hiring that she would earn two weeks of accrued vacation as an employee. Based on this promise, Ms. Morrissey reasonably expected that she would receive accrued vacation as compensation for her employment.

86.     Also, Robertson promised Ms. Morrissey on or about the date of her hiring on October 8, 2020, that Ms. Morrissey would earn commissions for her sales. Based on this promise, Ms. Morrissey reasonably expected that she would be paid commission for her sales as compensation for her employment.

87.     Upon the termination of her employment on December 31, 2020, Ms. Morrissey had accrued 40 hours of vacation. Defendant did not pay Ms. Morrissey any of her vacation upon Ms. Morrissey's termination. Determinations about whether or not to pay Ms. Morrissey unpaid accrued

leave were made by Defendant Robertson, who also failed to pay her overtime and commissions due.

88.     At the termination of her employment on December 31, 2020, Ms. Morrissey had earned commissions for her sales for which she had not been paid. Determinations about whether or not to pay Ms. Morrissey commissions due were made by Defendant Robertson, who also failed to pay her overtime and accrued leave due.

89.     The resulting detriment to Ms. Morrissey can only be avoided by the enforcement of Defendants' promises.

90.     As a result of Defendants' failure to fulfill their promises, Ms. Morrissey has suffered damages in the amount of forty (40) hours in unpaid accrued vacation, and earned, but unpaid commissions.

WHEREFORE, Plaintiff Janet Morrissey demands judgment against Defendants CES and Robertson, jointly and severally, for compensatory damages, pre and post-judgment interest, costs,, and any other relief this Court deems appropriate.

## DEMAND FOR A JURY TRIAL

Plaintiff Janet Morrissey demands a jury trial on all matters triable by right to a jury in this case.

> Respectfully submitted,
> /s/ Jacob I. Weddle
> Jacob I. Weddle, Esq., #28573
> Gordon & Simmons, LLC
> 1050 Key Parkway, Suite 101
> Frederick, Maryland 21702
> (301) 662-9122 (office)
> (301) 698-0392 (fax)
> jweddle@gordonsimmons.com
> Counsel for Plaintiff Janet Morrissey

17