IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| JANET MORRISSEY | * | |
| Plaintiff, | * | |
| v. | * | Civil No. SAG-21-00899 |
| CES COMPUTER ENHANCEMENT SYSTEMS, INC., *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Janet Morrissey brought this suit against her former employer, CES Computer Enhancement Systems, Inc. ("CES"), and its owner, Richard Robertson (collectively, "Defendants"), asserting claims under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA"), and Maryland state law for unpaid overtime, sales commissions, and vacation time. In anticipation of the jury trial now scheduled for June 2025, Defendants have filed what they captioned "First Motion in Limine." ECF 67. Plaintiff filed an opposition, ECF 72, and Defendants filed a reply, ECF 74. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). For the following reasons, Defendants' motion will be granted in part and denied in part.

### I. LISA FINDLEY

Defendants seek to exclude the testimony of Lisa G. Findley, who has been identified as a witness for Plaintiff in the Pretrial Order but was not disclosed as a "person with personal knowledge" of the case in Plaintiff's interrogatory responses. ECF 67 at 2. This Court will grant Defendants' motion to the extent that Plaintiff will not be permitted to call Ms. Findley as a witness in her case-in-chief, given her failure to identify Ms. Findley in discovery as a potential witness.

This ruling will not, however, preclude Plaintiff from calling Ms. Findley as a rebuttal witness should Defendants introduce testimony or evidence about Ms. Findley during their defense case. Any such rebuttal testimony will be limited to the specific issues raised by Defendants, which will eliminate any risk that Ms. Findley would be permitted to "smear" her ex-husband or discuss their divorce. *See id*. at 3.

## II.     PLAINTIFF'S EXHIBIT LIST

Defendants also object to Plaintiff's identification of some categories of documents, rather than individual documents, in her exhibit list. *Id*. at 4. This Court believes that this dispute may arise from a misunderstanding of the purpose of the exhibit list. The exhibit list is intended to identify, with specificity, any exhibits either party intends to introduce in its case-in-chief, in order to prevent unfair surprise and allow the parties to ferret out evidentiary disputes in advance of trial. Thus, absent unusual circumstances, this Court will restrict a party from using any exhibit not identified on its exhibit list in its case-in-chief. There are no such restrictions regarding evidence that may be used in impeachment or rebuttal. Accordingly, the identification of categories in Plaintiff's Exhibit List, Numbers 34-42, is entirely unhelpful. Plaintiff would be precluded from relying on those categorical designations to persuade this Court to admit an exhibit in her case-in-chief and does not need to list those categories in order to use a document to impeach a defense witnesses.

With that guidance, the motion in limine, as it pertains to the exhibit list, is largely moot. In light of the possible change in the law that occasioned the extended trial delay in this matter, this Court intends to permit both parties an opportunity to re-do their joint pretrial order, witness lists, motions in limine, joint jury instructions, and joint voir dire in advance of the June 2025 trial date. Those documents should be filed on or before April 2, 2025.

### III. CONCLUSION

For the foregoing reasons, Defendants' motion in limine, ECF 67, is granted in part and denied in part. A separate order follows.

Dated: October 23, 2024                              /s/
                                                                Stephanie A. Gallagher
                                                                United States District Judge